Alan J. Leiman (OSB No. 98074)
alan@leimanlaw.com
Drew G. Johnson (OSB No. 114289)
drew@leimanlaw.com
LEIMAN & JOHNSON, LLC
44 W. Broadway, Suite 326
Eugene, OR 97401

IN THE UNITED STATES DISTRICT COURT
DISTRICT OF OREGON
EUGENE DIVISION

| | |
|---|---|
| **LAWRENCE W. FERGUSON,** | CASE NO.: 6:17-cv-00120 |
| Plaintiff, | |
| v. | **FLSA MINIMUM WAGE AND OVERTIME COMPLAINT;** |
| **DIAMOND LILLIE, LLC,** an Oregon domestic limited liability company, | **OREGON WAGE AND HOUR LAWS;** |
| | Fair Labor Standards Act 29 U.S.C. § 201 *et. seq.*; Oregon Wage and Hour Laws (ORS Chap. 652) |
| Defendant. | |

**DEMAND FOR JURY TRIAL**

Plaintiff, LAWRENCE W. FERGUSON ("Plaintiff"), brings this Fair Labor Standards Act ("FLSA") action for violations of the FLSA and Oregon's Wage and Hour laws against Defendant, DIAMOND LILLIE, LLC ("Defendant", or "Diamond Lillie"). Plaintiff makes his allegations based upon personal knowledge, information, and belief.

**INTRODUCTION**

1. Plaintiff and his wife, Carol A. Ferguson, were hired in July 2014 by Defendant Diamond Lillie to be "Park Hosts" at Defendant's Wayside Mobile & R.V. Park located in Florence, Lane County, Oregon.

1 – Complaint

2.     Plaintiff and his wife both signed a single counterpart of a "Park Host Employment Agreement" dated as of July 1, 2014, with Defendant Diamond Lillie listed as the "Employer". Subsequently, Plaintiff and his wife also both signed a single counterpart of a "Park Host Employment Renewal Agreement" dated as of September 1, 2016. True and correct copies of the two employment agreements are attached hereto as Exhibit 1.

3.     Between July 2014 and October 2016, Defendant Diamond Lillie continuously employed Plaintiff and his wife at Defendant's Wayside Mobile & R.V. Park in Florence Oregon. Plaintiff performed maintenance work, grounds keeping, janitorial, office work, and other duties, including providing service to residents, and transitory temporary residents, all as required by Defendant.

4.     At all times material, Plaintiff never received a paycheck for wages earned working for Defendant Diamond Lillie. Instead, Defendant purported to pay Plaintiff's wages by including his wages in Plaintiff's wife's pay. There is no provision under the FLSA or Oregon Wage and Hour Law to pay two individuals through one of the individuals, and the practice is a violation of the FLSA and Oregon Wage and Hour Laws.

5.     The wages Defendant paid to Plaintiff's wife, Carol Anne Ferguson, even if somehow partially credited to Plaintiff, are not sufficient to have compensated Plaintiff with the applicable minimum wage and overtime for all hours worked by Plaintiff.

6.     Plaintiff brings this action to recover unpaid minimum wages and overtime pay under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq.*.

7.     Plaintiff also brings this action to recover wages and penalties for violation of Oregon Wage and Hour Laws (ORS Chapter 652).

8. Plaintiff also brings this action to recover damages relating to Defendant's failure to make Social Security and Medicare contributions for the benefit of Plaintiff.

9. This action seeks equitable relief, compensatory and liquidated damages, attorney's fees, taxable costs of court, pre- and post-judgment interest and penalty wages for Defendant's willful failure to pay wages, including minimum wages and overtime wages, and other relief, pursuant to 29 U.S.C. § 216(b) and Oregon Wage and Hour Laws.

10. Plaintiff demands a jury trial on all issues that may be tried to a jury.

11. This action is authorized and instituted pursuant to the FLSA, 29 U.S.C. § 201 *et seq.*

## JURISDICTION AND VENUE

12. Jurisdiction is conferred on this Court by 29 U.S.C. § 216(b), as this action arises under the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.*; 28 U.S.C. § 1331; and 28 U.S.C. §1337, as it arises under acts of Congress regulating commerce. Jurisdiction of the state law claims is conferred on this Court by 28 U.S.C. § 1367 because the state law claims form a part of the same case or controversy as the federal claims under Article III of the United States Constitution.

13. Venue is proper in this District Court pursuant to 28 U.S.C. § 1391 because a substantial part of the events giving rise to this complaint occurred in the District of Oregon.

## PARTIES

14. Defendant DIAMOND LILLIE, LLC is an Oregon domestic limited liability corporation that owns and operates the Wayside Mobile & R.V. Park located in Florence, Lane County, Oregon.

15. Defendant Diamond Lillie is subject to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq.* and Oregon Wage and Hour Laws, ORS Chapters 652 and 653.

16. At all material times, Diamond Lillie has been an enterprise in commerce or in the production of goods for commerce within the meaning of 29 U.S.C. § 203(s)(1) because it had employees engaged in commerce. Based upon information and belief, the annual gross receipts from Defendant's operation of the Wayside Mobile & R.V. Park, was in excess of $500,000.00 per annum at all times material hereto. Alternatively, because at all times material hereto the Wayside Mobile & R.V. Park routinely provided goods and services to individuals traveling interstate in recreational vehicles, Plaintiff worked in interstate commerce so as to fall within the protections of the FLSA.

17. At all material times, Defendant Diamond Lillie has been an employer within the meaning of 3(d) of the FLSA, 29 U.S.C. § 203(d). Diamond Lillie directly or indirectly acted in the interest of an employer toward the Plaintiff at all material times, including, without limitation, directly or indirectly controlling all employment terms and conditions of Plaintiff.

18. Plaintiff Lawrence W. Ferguson is a resident of Lane County, Oregon who worked for Defendant Diamond Lille from on or around July 1, 2014 to October 22, 2016.

## FACTS

19. The Park Host Employment Agreements (Ex. 1) provide that Plaintiff and his wife will be "jointly compensated" by Diamond Lillie for performing the duties required by Defendant.

20. At all times material to this Complaint, Defendant paid Plaintiff's wife, Carol A. Ferguson, all of the wages for work performed pursuant to the Agreement.

21. Defendant issued Carol A. Ferguson pay stubs and reported her earnings as W-2 wages, and made wage related contributions and withholdings relating to the wages paid to her.

22. Defendant knowingly did not pay Plaintiff wages for the work that he performed pursuant to the Agreement.

23. Defendant did not report wage earnings for Plaintiff, and did not make any wage related withholdings or contributions, including Social Security and Medicare contributions for Plaintiff's benefit.

24. Defendant required Plaintiff and his wife to have the office at Defendant's premises open seven-days a week from 9:00 am to 6:00 pm. Defendant required that the sign on Hwy 101 advertising vacancies at Defendant's premises be left lighted seven-days a week until 8:30 pm.

25. Plaintiff alleges that for the 80.5 hours per seven-day workweek that the office was open and the vacancy sign was lighted, he was working for Defendant, and that the time working was compensable under the FLSA. Plaintiff was not free to leave the premises, or to have uninterrupted time to himself for individual pursuits.

26. Alternatively, Plaintiff alleges that during the months of July and August 2014, Plaintiff estimates that in most seven-day workweeks, he worked 10 hours per day, seven-days per week painting the office and performing his other duties for Defendant.

27. Alternatively, Plaintiff alleges that during the months of September and October 2014, Plaintiff estimates that in most seven-day workweeks, he worked 8 hours per day, seven-days per week for Defendant.

28. Alternatively, Plaintiff alleges that during the months of November 2014 through June 2015, Plaintiff estimates that in most seven-day workweeks, he worked 7.5 hours per day, seven-days per week for Defendant.

29. Alternatively, Plaintiff alleges that during the months of July through October 2015, Plaintiff estimates that in most seven-day workweeks, he worked 8 hours per day, seven-days per week for Defendant.

30. Alternatively, Plaintiff alleges that during the months of November 2015 through March 2016, Plaintiff estimates that in most seven-day workweeks, he worked 7.5 hours per day, seven-days per week.

31. Alternatively, Plaintiff alleges that during the months of April 2016 through his separation from employment in October 2016, Plaintiff estimates that in most seven-day workweeks, he worked 11 hours per day re-finishing Defendant's picnic tables and performing his other duties for Defendant.

32. For example, during the week of May 15 through May 21, 2016, Plaintiff estimates that he worked approximately 80 hours performing his job duties at the Wayside Mobile & R.V. Park exclusively for the benefit Diamond Lillie for which he was not paid wages or otherwise compensated.

33. At all times material, Defendant did not pay Plaintiff the applicable minimum wage for all hours worked.

34. At all times material, Defendant did not pay Plaintiff time and one-half his regular rate of pay for all hours worked over 40 hours in a workweek.

35. Defendant owes Plaintiff unpaid minimum wages, overtime wages, liquidated damages, and penalty wages under the FLSA and Oregon Wage and Hour laws.

36. Plaintiff has retained the law firm of Leiman & Johnson, LLC to represent him, and has incurred attorneys' fees and costs in bringing this action. Pursuant to 29 U.S.C. § 216(b) and ORS 652.200, Plaintiff is entitled to recovery of reasonable attorneys' fees and costs.

## FIRST CLAIM FOR RELIEF
### (FLSA Minimum Wage and Overtime Violations - 29 U.S.C § 207)

37. Plaintiff re-alleges and incorporates herein by reference, all allegations contained in paragraphs 1 through 36 above.

38. At all material times alleged herein, Plaintiff performed duties for the benefit of, and on behalf of Defendant Diamond Lillie.

39. At all material times as alleged herein, Defendant was required to pay Plaintiff in accordance with the minimum wage and overtime pay provisions of the FLSA.

40. At all material times, Defendant did not keep the required records of hours worked by Plaintiff.

41. Defendant has not paid Plaintiff the FLSA required Oregon minimum wage for all hours worked at the Wayside Mobile & R.V. Park.

42. Defendant has not paid Plaintiff the FLSA required overtime pay for all hours worked over 40 in workweeks in which Plaintiff worked more than 40 hours at the Wayside Mobile & R.V. Park.

43. At all material times as alleged herein and for the entire duration of Plaintiff's employment, Defendant failed to comply with Title 29 U.S.C. §§ 201-209 in that Plaintiff performed services and labor for Defendant for which Defendant failed to track hours worked, failed to compute a regular rate of pay, and failed to pay Plaintiff the correct amount of minimum wages and overtime wages. Plaintiff is entitled to liquidated damages for Defendant's willful failure to pay the correct amount of minimum wages and overtime wages.

44. Plaintiff brings this claim against Diamond Lillie, seeking unpaid minimum wages, overtime compensation, liquidated damages, pre-judgment interest, costs, penalty wages, and attorneys' fees arising from the law violations set forth herein.

45. Defendant Diamond Lillie's failure to pay Plaintiff the FLSA required Oregon minimum wages and overtime wages resulted from the Defendant's willful act of knowingly not paying Plaintiff wages.

46.     By reason of said intentional, willful, and unlawful acts of Defendant Diamond Lillie, Plaintiff has suffered damages and has also incurred costs and reasonable attorneys' fees.

## SECOND CLAIM FOR RELIEF
### (Oregon Wage and Hour Law Violations)

47.     Plaintiff re-alleges and incorporates herein by reference, all allegations contained in paragraphs 1 through 36 above.

48.     Defendant Diamond Lillie violated ORS 652.610 when it failed to provide Plaintiff with an itemized statement of pay for wages earned.

49.     Defendant Diamond Lillie violated ORS 652.150 when it failed to pay Plaintiff all wages due on termination of employment.

50.     As a result of Diamond Lillie's failure to pay Plaintiff wages, Plaintiff was deprived of employer contributions to his individual Social Security account and to employer Medicare contributions.

51.     Plaintiff has been damaged by Defendant's violation of Oregon Wage and Hour Laws and is entitled to his actual damages, penalty wages pursuant to ORS 652.150, plus pre-judgment interest, in amounts to be determined by the jury.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully asks the Court to grant the following relief:

1. On the First Claim for Relief, award Plaintiff his actual damages for unpaid minimum wages and overtime in amounts to be determined by the jury, plus an equal amount as liquidated damages for Defendant's willful failure to pay minimum wages and overtime wages.

2. On the Second Claim for Relief, award Plaintiff his actual damages for violations of Oregon Wage and Hour Laws, and penalty wages calculated according to ORS 652.150, in amounts to be determined by the jury.

3. Award Plaintiff his reasonable attorney fees and costs;

4. Award Plaintiff his pre-judgment and post-judgment interest; and

5. Award Plaintiff any and all such other legal and equitable relief as this Court deems just and proper.

DATED January 24, 2017.

Respectfully submitted,

/s Alan J. Leiman
Alan J. Leiman
E-mail: alan@leimanlaw.com
Oregon State Bar No.: 980746
44 W. Broadway, Suite 326
Eugene, OR 97401
Telephone: (541) 345-2376
Facsimile: (541) 345-2377
Of Attorneys for Plaintiff

/s Drew G. Johnson
Drew G. Johnson
E-mail: drew@leimanlaw.com
Oregon State Bar No.: 114289
44 W. Broadway, Suite 326
Eugene, OR 97401
Telephone: (541) 345-2376
Facsimile: (541) 345-2377
Of Attorneys for Plaintiff